UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE MCNEAL,<br><br>   Plaintiff,<br><br>v.<br><br>B. EVERT, et al.,<br><br>   Defendants. | No. 2:22-cv-1360 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. ECF No. 1. For the reasons stated below, the undersigned will recommend that plaintiff's application to proceed in forma pauperis, ECF No. 2, be denied and that plaintiff be given a final opportunity to pay the filing fee or suffer dismissal.

I.   Three Strikes Analysis

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating the inability to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

1

>unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).

"[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee."  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).  Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice.  Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Inspection of other cases filed by plaintiff has led to the identification of at least four cases that qualify as strikes.  The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

- McNeil v. Ervin, No. 2:07-cv-2240 LKK EFB (E.D. Cal. Mar. 3, 2010) (dismissed for failure to state a claim after defendants filed motion to dismiss) (ECF Nos. 16, 30, 31);

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

- McNeal v. Dalu, No. 2:09-cv-1626 JAM KJM (E.D. Cal. June 29, 2010) (dismissed for failure to state a claim) (ECF Nos. 25, 26);

- McNeal v. Gonzalez, No. 1:14-cv-0030 BAM (E.D. Cal. Mar. 18, 2015) (dismissed for failure to state a claim) (ECF Nos. 20, 21); and

- McNeal v. Cano, No. 1:14-cv-1767 DLB (E.D. Cal. Aug. 18, 2015) (dismissed for failure to follow court order and for failure to prosecute after initial dismissal with leave to amend for failure to state a claim) (ECF Nos. 8 at 8; 9-11).[2]

Based on this history, plaintiff was declared to be a three-strikes litigant in McNeal v. Roberts, No. 2:18-cv-2998 KJM AC P.  See McNeal v. Roberts, ECF Nos. 7, 11-13.

All of the preceding cases were dismissed well in advance of the [] filing of the instant action, and none of the strikes have been overturned.  Therefore, the undersigned finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The complaint before the court alleges a retaliatory cell search, two discrete instances of excessive force, and subsequent failure to treat injuries.  All incidents are alleged to have occurred in 2004. See ECF No., *passim*.  The incidents appear to have occurred at High Desert State Prison; plaintiff was at Centinella State Prison when the complaint was filed.  See ECF No.

---

[2] See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding dismissal with leave to amend for failure to state claim followed by failure to amend constitutes strike under Section 1915(g)).  The style of the dismissal or of the procedural posture is immaterial. See El Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016).

1 at 2-3 (identifying all 16 defendants as employees and officials of High Desert State Prison).³ The complaint describes no circumstances suggesting an imminent danger at the time the complaint was filed, 18 years after the events recounted and when plaintiff was in a different institution.

## II. Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. You have not shown that you were in imminent danger of serious physical injury and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time. If this recommendation is adopted, failure to pay the fee will result in dismissal of the case.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff be ordered to pay the entire $402.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 26, 2022

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

³ Although the complaint alleges that plaintiff is an inmate at High Desert (ECF No. 1 at 2), both the docket and the verification form attached to the complaint (id. at 18) indicate that he is housed at Centinella and was when the complaint was filed.